IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JAMES G. HOPKINS,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 05 C 3147
                                 )
KANE COUNTY,                     )
                                 )
          Defendant.             )


**MEMORANDUM OPINION AND ORDER**


Plaintiff James Hopkins is an employee of defendant Kane County. Plaintiff works for a division of the County known as the Department of Transportation. Plaintiff alleges that he has been denied a promotion because of his race (African-American) and because he either has an actual physical disability (unspecified arm and back injuries) or is perceived as having a disability. Defendant has moved to dismiss the Amended Complaint on the ground of insufficiency of process and on the ground that the claims against it are time barred.[1]

---

[1] Although defendant characterizes its statute of limitations motion to dismiss as being pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendant does not raise any jurisdictional issue that would be cognizable on a Rule 12(b)(1) motion. See Lincoln Property Co. v. Roche, 126 S. Ct. 606, 613-14 (2005); Gibson v. West, 201 F.3d 990, 993-94 (7th Cir. 2000); Steger v. General Electric Co., 318 F.3d 1066, 1080 (11th Cir. 2003). The statute of limitations motion is one pursuant to Rule 12(b)(6) for which the allegations of the Amended Complaint must be taken as true and all reasonable inferences drawn in

On May 26, 2005, plaintiff filed a pro se Complaint using the court's standard "Complaint of Employment Discrimination" form. Named as the defendant was the Kane County Division of Transportation. On the complaint form, plaintiff checked boxes stating that he was bringing claims of (a) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (b) race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; and (c) race discrimination in violation of 42 U.S.C. § 1981. He also checked boxes that his claims were for failure to promote and retaliation. Since defendant is a county, the form complaint also states that the race discrimination claim is pursuant to 42 U.S.C. § 1983. Plaintiff completed the line stating that the discrimination occurred "on or about, or beginning on or about," October 19-20, 2003. Plaintiff attached his administrative Charge of Discrimination and Notice of Right to Sue to the original Complaint. He completed a line stating that he received the Notice of Right to Sue on February 28, 2005, which is the same day that the Notice is dated. It is a reasonable inference, though, that the Notice was mailed and therefore not actually

---

plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000).

received until after February 28. The administrative Charge of Discrimination alleges race and disability discrimination that is continuing and specifically refers to denials of upgrades in pay in September 2003, October 2003, and May 2004. The respondent listed on both the Charge and Notice of Right to Sue is the "Kane County Dept of Transportation."

Plaintiff paid the filing fee. He did not request in forma pauperis status nor request the appointment of counsel and apparently would not qualify for either because he is still employed. On the same day plaintiff filed his Complaint, a summons was issued. However, there is no indication that any attempt was made to serve the summons. On July 25, 2005, approximately two months after the Complaint had been filed, a minute order was entered stating: "Plaintiff is put on notice that defendant is to be served with a copy of the complaint and summons within 120 days from the date of filing of this case; failure to do so will result in this case being dismissed pursuant to FED. R. CIV. P. 4(m)." The order also set a status hearing date of September 7, 2005, which was subsequently changed to September 14, 2005.

On September 7, 2005, attorneys filed appearances on behalf of plaintiff and an attorney appeared at the September 14 status hearing. On that date, another status hearing was set for

October 26, 2005.[2] At the October 26, 2005 status hearing, plaintiff was given until November 9, 2005 to file an Amended Complaint and defendant was given until November 30, 2005 to answer or otherwise plead.[3]

On November 9, 2005, an attorney-drafted Amended Complaint was filed naming Kane County as the defendant instead of the Division of Transportation. The Amended Complaint contains some additional factual details that were not included in the original Complaint. There are allegations both that plaintiff was denied a promotion and that, when he temporarily acted as a Crew Leader, he did not receive higher pay even though White employees received higher pay when temporarily acting as Crew Leaders. There are allegations that defendant failed to accommodate plaintiff's disability, with respect to both performing his job and taking promotional examinations. The Amended Complaint does not allege the dates that promotions were denied or other discrimination occurred.

In the Amended Complaint it is alleged that plaintiff filed a Charge of Discrimination and that he received a Notice of

---

[2] No transcripts are provided, so it is unknown if the issue of service was mentioned at the September 14 status hearing. Presumably no one represented defendant at that hearing.

[3] No transcript is provided. Defendant, however, concedes that it learned of the lawsuit shortly after October 7, 2005. Presumably, an attorney for defendant appeared at this status hearing.

Right to Sue, but neither document is attached as an exhibit. It is alleged that plaintiff filed his Complaint within 90 days after receiving the Notice of Right to Sue, but there is no allegation as to the specific date on which the Notice was either issued or received.

The Amended Complaint contains two counts. Count I is denominated as being a Title VII claim and Count II is denominated as being an ADA claim. The Amended Complaint does not expressly refer to retaliation, nor does it expressly refer to § 1981 or § 1983. The facts alleged, though, would support § 1981 and § 1983 claims so the Amended Complaint could be construed as containing such claims.[4]

No proof of service or waiver of service has yet been filed with the court. Attached to defendant's motion to dismiss, is a waiver of service of summons dated October 7, 2005. It is addressed to the State's Attorney of Kane County (who represents defendant in this case) and attaches a copy of the original, pro se Complaint. Defendant represents that it has not returned the waiver nor otherwise been served with process. The Amended Complaint contains a notice of filing indicating that it was

---

[4] A plaintiff is not bound by the legal characterizations contained in a complaint. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). In response to the pending motion, though, there is no contention from plaintiff that he is presently pursuing a § 1981 or § 1983 claim. See id. at 1041-42; Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 224 F. Supp. 2d 1172, 1175-76 (N.D. Ill. 2002).

served on the assistant state's attorney who has appeared in this case. In responding to the motion to dismiss, plaintiff does not dispute that a summons has not been served on defendant or that a waiver has not been received. Plaintiff also does not object that it is improper for the court to consider these representations or the exhibits attached to the motion to dismiss.

Defendant contends that this lawsuit is untimely. It contends that Kane County is the proper entity to sue and that its Division of Transportation is not a suable entity. Kane County was not named as a defendant until November 9, 2005 and the earliest it may have learned about the pending lawsuit was October 7, 2005 or shortly thereafter. Defendant contends the claims do not relate back to the May 26, 2005 filing of the original complaint because there was no service of process within 120 days of the filing of the complaint. Although the statute of limitations is an affirmative defense that ordinarily cannot be raised on a motion to dismiss, it can be resolved on a motion to dismiss if the necessary facts are properly before the court. See Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995); 1992); Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994);

Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992).

Under Title VII and the ADA, plaintiff had to bring his lawsuit within 90 days after receiving his Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); Reschny v. Elk Grove Plating Co., 414 F.3d 821, 823 (7th Cir. 2005); Mitchell v. Elkay Manufacturing Co., 2005 WL 3560686 *2 (N.D. Ill. Dec. 22, 2005). Although the date of the Notice of Right to Sue is not expressly alleged in the Amended Complaint nor is that document attached to the Amended Complaint, this court may take judicial notice that the Notice of Right to Sue is dated February 28, 2005 and consider that fact on the Rule 12(b)(6) motion. Ratliff v. Conagra, Inc., 2001 WL 1397298 *2 (S.D. Ind. Oct. 31, 2001); Redding v. Freeman Products, Inc., 1995 WL 410922 *2 (N.D. Ill. July 10, 1995); Branum v. United Parcel Service, Inc., 232 F.R.D. 505, 506 n.1 (W.D. Pa. 2005). Another three to five days could be added for the date plaintiff actually received the mailing. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984); Scott v. Coca Cola Enterprises, Inc., 2005 WL 1661808 *4 (N.D. Ind. July 15, 2005); Moss-Buchanan v. City of Chicago, 2005 WL 78953 *3 n.2 (N.D. Ill. Jan. 14, 2005); Bey v. Potter, 2003 WL 23139361 *1 (N.D. Ill. Dec. 22, 2003). The precise date need not be determined. If the Notice was received in early March 2005, filing a complaint on

May 26, 2005 would be timely, while October or November 2005 would not be within 90 days. Therefore, plaintiff's Title VII and ADA claims can only be timely if the claims against the County relate back to the filing of the original Complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Rule 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake

> concerning the identity of the proper party, the action would have been brought against the party. . . .

It was incorrect to name the Division of Transportation, which is not a suable entity, as a defendant. Only Kane County itself is the proper defendant in this action. <u>Khan v. Cook County Department of Highways</u>, 1994 WL 523703 *2 (N.D. Ill. Sept. 23, 1994); <u>Givens v. Velasco</u>, 2004 WL 784072 *4 (N.D. Ill. Jan. 28, 2004). Even if, as plaintiff contends, the Department and County should be treated as the same party, service was not obtained within the 120 days permitted by Rule 4(m) so plaintiff would still need an extension of that time period to avoid dismissal.

As to defendant's contention that the case should be dismissed for insufficiency of service of process, the time to serve Kane County had not yet expired at the time the motion was brought. When an amended complaint is filed naming a new defendant for the first time, a new 120-day period for service of process begins to run. <u>Carmona v. Ross</u>, 376 F.3d 829, 830 (8th Cir. 2004); <u>Graham v. Gendex Medical X-Ray, Inc.</u>, 176 F.R.D. 288, 290 (N.D. Ill. 1997); <u>City of Merced v. Fields</u>, 997 F. Supp. 1326, 1338-39 (E.D. Cal. 1998); Charles Alan Wright & Arthur R. Miller, <u>4B Federal Practice & Procedure: Civil 3d</u> § 1137 at 377 (2002). The Amended Complaint was filed on November 9, 2005. Even absent any extension, plaintiff has until March 9, 2006 to

serve plaintiff. Because plaintiff may have delayed further attempts at service during the pendency of the motion to dismiss, he will be granted three weeks after today's decision in order to serve Kane County with the Amended Complaint.

For relation back to apply, plaintiff must satisfy both Rule 15(c)(2) and Rule 15(c)(3). As to Rule 15(c)(2), defendant contends the claims did not arise from the same conduct, transaction, or occurrence because the Amended Complaint expressly refers to a failure to accommodate, unequal pay, and less favorable working conditions. The Amended Complaint, however, largely differs from the original Complaint only regarding the factual details alleged. Both complaints allege racial and disability discrimination at plaintiff's employment during the same time period. Both are based on the denial of promotions and higher pay, and other worker's receiving special treatment under a new policy that was not accorded to plaintiff. These claims all arose from the same conduct, occurrence, or transaction.

Under Rule 15(c)(3), relation back applies to the proper party only if the proper party had notice of the suit within the time period for service under Rule 4(m), was not prejudiced, and knew or should have known it was the proper party to name. The notice may occur either within the 120 days provided for in Rule 4(m) or any extended period of time granted by the court under

Rule 4(m). Gedrich v. Fairfax County Department of Family Services, 282 F. Supp. 2d 439, 458 (E.D. Va. 2003); Thomas v. Arevalo, 1998 WL 427623 *12 & n.6 (S.D.N.Y. July 28, 1998); Heiser v. Association of Apartment Owners of Polo Beach Club, 848 F. Supp. 1482, 1487-88 (D. Haw. 1993); Advisory Committee Notes to 1991 Amendments to Rule 15(c)(3); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6A Federal Practice & Procedure: Civil 2d § 1498 Supp. at 24 (1990, Supp. 2005). The Rule 4(m) period referred to in Rule 15(c)(3) is measured from the filing of the original Complaint naming the wrong party, not from the filing of the Amended Complaint naming the correct party. Moore v. City of Harriman, 272 F.3d 769, 774 (6th Cir. 2001), cert. denied, 536 U.S. 922 (2002); Roman v. Townsend, 224 F.3d 24, 28 (1st Cir. 2000); Anzaldua v. Chicago Transit Authority, 2002 WL 31056691 *2 (N.D. Ill. Sept. 13, 2002); Manney v. Monroe, 151 F. Supp. 2d 976, 996 n.26 (N.D. Ill. 2001); Yanez v. Columbia Coastal Transport, Inc., 68 F. Supp. 2d 489, 492-93 (D.N.J. 1999); Brink v. First Credit Resources, 57 F. Supp. 2d 848, 853 (D. Ariz. 1999). But see Graham, 176 F.R.D. at 291.

On the facts before the court, defendant first learned of the pending lawsuit shortly after October 7, 2005. That would be 134 days or more after the original Complaint was filed. On those facts, the claims would not relate back absent an extension

of the 120-day period allowed under Rule 4(m). The facts regarding when defendant actually received notice of the complaint are outside the Amended Complaint and therefore ordinarily would not be considered on a motion to dismiss. Defendant, however, has not objected to those facts and there apparently is no dispute that defendant received no notice of the lawsuit within 120 days of the filing of the original Complaint. Under such circumstances, there is no error in considering the additional facts without providing the conversion notice required by the last sentence of Rule 12(b). See Ribando v. United Airlines, Inc., 200 F.3d 507, 510 (7th Cir. 1999). In any event, even considering the additional facts, the case will not be dismissed on statute of limitations grounds.

Plaintiff argues that the court should grant an extension of time to serve defendant. If good cause exists, granting an extension is mandatory. Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period"). The burden is on plaintiff to show good cause. Schafer v. Quincy Newspapers, Inc., 2006 WL 140746 *1 (C.D. Ill. Jan. 17, 2006).

> No exact definition for good cause exists, but a plaintiff must at least show reasonable diligence in effecting proper service. Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir. 1993). Additionally, while a litigant's pro se status cannot be the sole factor in assessing whether good cause exists for non-compliance with Rule 4(m), it is a relevant consideration. See

> Garrett v. Miller, 2003 U.S. Dist. LEXIS 5248, *8
> (N.D. Ill. Apr. 1, 2003). Difficulties in
> obtaining and retaining counsel can also
> contribute to a finding of good cause.
> Agostin v. American Airlines, Inc., 2003 U.S.
> Dist. LEXIS 10947, *15-16 (N.D. Ill. Jan. 2,
> 2003).

Humphries v. Cracker Barrel Restaurant #221, 2004 WL 1630512 *3 (N.D. Ill. July 16, 2004).

Even if good cause for an extension does not exist, the court has discretion to grant an extension. Henderson v. United States, 517 U.S. 654, 662 (1996); Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340-41 (7th Cir. 1996); Schafer, 2006 WL 140746 at *1. In considering a discretionary extension of time, factors that may be considered include whether the statute of limitations has already run; that the plaintiff was initially proceeding pro se; whether the defendant has suffered any prejudice by a delay; when the defendant received actual notice; and any attempts at service that were made. See Panaras, 94 F.3d at 341; Schafer, 2006 WL 140746 at *1-2; Humphries, 2004 WL 1630512 at *3. It may also be considered that defendant was aware that a dispute existed that might lead to a lawsuit in that the Administrative Charge had already been at issue. See Paden v. Testor Corp., 2004 WL 2491633 *2 (N.D. Ill. Nov. 2, 2004); Chatman v. Condell Medical Center, 2001 WL 881305 *3 (N.D. Ill. Aug. 6, 2001).

Here, good cause does not exist for granting an extension of the original 120-day period. Plaintiff was proceeding pro se, but a summons was issued and plaintiff received a written order expressly advising him that he had to serve the Complaint and summons within 120 days. There is, however, no indication that plaintiff made any attempt at service. At the point that plaintiff retained counsel, the 120-day period had not yet expired. Within the 120-day period, however, counsel apparently made no attempt to promptly serve defendant and still has not served defendant. Counsel represents that he was unaware that plaintiff had not served defendant, but an examination of the docket and a simple question to plaintiff would have revealed otherwise. Since plaintiff and his counsel did not act with sufficient diligence, good cause for an extension does not exist. Cf. Schafer, 2006 WL 140746 at *1; Humphries, 2004 WL 1630512 at *3.

It is found, however, that sufficient reason exists to grant a discretionary extension of time. It is taken into consideration that plaintiff was initially proceeding pro se and that some confusion may have existed when plaintiff retained counsel. Defendant did learn of the pendency of the lawsuit within a couple weeks after the initial 120-day period expired. Cf. Humphries, 2004 WL 1630512 at *3; Gedrich, 282 F. Supp. 2d at 458. Moreover, defendant had been aware of the allegations

and potential for a lawsuit based on prior participation in the administrative proceedings. If no extension of the original 120-day period is granted, plaintiff's Title VII and ADA claims would be barred by the statute of limitations.[5] Defendant conclusorily asserts that it has been prejudiced by delay in that discovery has been delayed and a potential workplace problem has not been promptly resolved. Defendant, however, points to no actual prejudicial change in circumstances that has occurred, either before or after the 120-day period would have expired in September 2005. Moreover, even dismissing the Amended Complaint would not conclusively resolve all matters because plaintiff could still bring a § 1981 or § 1983 lawsuit based on a May 2004 denial of promotion or other alleged misconduct in the last two years. Also, if defendant were so interested in a quick resolution, it would have waived service of summons instead of still insisting on actual service. See Humphries, 2004 WL 1630512 at *3. Sufficient reason exists to grant an extension of the original 120-day service period. Cf. Schafer, 2006 WL 140746 at *1-2; Humphries, 2004 WL 1630512 at *3.

---

[5]Since a two-year statute of limitations would apply to any § 1981 or § 1983 race discrimination claim, plaintiff would not be barred from bringing any aspect of such claims that accrued less than two years prior to the filing of the Amended Complaint if an extension were granted only as to the time to serve the County following the filing of the Amended Complaint.

Plaintiff will be granted three weeks to serve summons, the Complaint, and the Amended Complaint on defendant. Within one week, defendant shall inform plaintiff in writing as to whether it is now willing to waive service of summons.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [14] is denied. Pursuant to Fed. R.. Civ. P. 4(m), plaintiff is granted until three weeks from the date of today's order to serve the summons, original complaint, and amended complaint on defendant. Defendant shall answer the amended complaint within two weeks after service or within four weeks if it completes a waiver of service of summons. A status hearing will be held on May 3, 2006 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 2, 2006